NOT DESIGNATED FOR PUBLICATION

No. 127,800

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTIAN MICHAEL GRUBER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; CHRISTINA DUNN GYLLENBORG, judge. Opinion filed June 13, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before WARNER, C.J., CLINE and COBLE, JJ.


PER CURIAM: Christian Michael Gruber challenges the district court's revocation of his probation via an unopposed motion for summary disposition under Kansas Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). Gruber admits he violated the terms of his probation and committed a new crime, but he contends the court erred by revoking his probation rather than extending it and giving him the opportunity to participate in inpatient treatment.

Because the district court was within its discretion to revoke Gruber's probation once it found he had violated his probation conditions, we affirm the district court's decision.

1

Gruber pled guilty to the following offenses committed on February 3, 2022: fleeing or attempting to elude a police officer, interference with law enforcement, and possession of marijuana. The district court sentenced him to prison for each offense but suspended those sentences and granted the parties' request for dispositional departure and placed him on probation for 12 months.

Later, while on probation, the Intensive Supervision Officer (ISO) filed an affidavit alleging, among other violations, that Gruber failed to report. Gruber stipulated to the violations, and the parties jointly recommended for the district court to impose a 60-day sanction with work release through the residential center, and then to reengage in a new probation term of 12 months. The district court followed these recommendations.

A few months later, the ISO filed a new affidavit. The ISO alleged Gruber was arrested in Shawnee County and charged with fleeing or attempting to elude law enforcement, possession of stolen property, interference with law enforcement, and possession of an opiate, opium, narcotic, or certain stimulant. The affidavit also alleged that Gruber admitted to swallowing drugs.

The Johnson County District Court held a probation violation hearing on these new allegations. Gruber stipulated that he violated his probation by fleeing and attempting to elude police and consuming a controlled substance. He asked the court to extend his probation and set a new probation term. Gruber advocated to be placed in an inpatient treatment program and said he wanted to work towards his GED. Gruber explained that he wanted to reside in Shawnee County because he had family there to help keep him accountable to sobriety. He asked the court to give him the chance that he did not take advantage of before and to be released to make the transition.

The district court then asked Gruber's ISO for her recommendations. The ISO pointed out Gruber's probation had already been revoked and reinstated and he had been denied work release due to a "major" ticket for assault that he received while in jail. Once he was released, according to his ISO, within 48 hours Gruber was driving a stolen vehicle. And when the police made contact with him, Gruber admitted to swallowing drugs. The police also located a bag of methamphetamines inside the vehicle. And the ISO pointed out that while in custody Gruber's behavior had not just been "less than acceptable." The ISO provided details and told the court, "He is constantly yelling and cussing at [staff]. He is unwilling to engage in services, and just is belligerent, and has been placed into restrictive housing for his behavior." For these reasons, the ISO recommended the court impose Gruber's underlying sentence.

The State also asked for Gruber to serve his prison sentence. It outlined Gruber's history, noting that when Gruber was first placed on probation his sentence was presumptively imprisonment because of special rules, and it was his fourth conviction of attempting to elude a police officer. The State also reminded the district court that Gruber had 11 convictions which led to a criminal history score of B. The State argued Gruber was a danger to the community and he had already been given opportunities. It told the district court that Gruber had opportunities to seek treatment, but he committed new crimes, did not report, did not attend treatment, nor participate in treatment.

The district court noted how Gruber was originally given a departure from a presumptive prison sentence and was given a chance on probation. But based on his recent behavior, conduct, and the history of this case, the court decided Gruber was not amenable to probation. The court revoked his probation and ordered him to serve his sentence.

After the district court made its announcement, Gruber clarified that he was placed in restrictive housing, but it was not for a disciplinary reason. He pled again to the district

3

court that he took responsibility for his actions, and he admitted, "I ate the bag of drugs." He also reminded the court how he was trying to improve.

The district court asked the ISO to clarify for the record the source of the information about his behavior and conduct while in custody. The ISO provided the court with a direct quote from a Kansas Department of Corrections (KDOC) worker, "'While Mr. Gruber was in KDOC custody in restrictive housing, he was nothing short of a problem.'" The district court then told Gruber that based on his overall history, it did not find him amenable to probation and it ordered him to serve his prison sentence.

This appeal follows.

REVIEW OF GRUBER'S APPELLATE CHALLENGE

If there is evidence of a probation violation, it is generally within the discretion of the district court to revoke probation and impose the original sentence. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Under K.S.A. 22-3716(c)(7)(B), a court may revoke probation without prior sanctions if probation was the result of a dispositional departure. And under K.S.A. 22-3716(c)(7)(C), a court may revoke probation without prior sanctions if a new crime is committed while on probation.

We review the district court's decision to revoke probation for abuse of discretion. A court abuses its discretion if the judicial decision is (1) arbitrary, fanciful, or unreasonable, (2) based on an error of law, or (3) based on an error of fact. The party raising abuse of discretion bears the burden of establishing it. 315 Kan. at 328. Because Gruber argues the district court made an error, he bears the burden of proving the error warrants reversal.

4

Gruber argues the district court erred by revoking his probation and ordering him to serve his original sentence rather than giving him a chance to participate in inpatient treatment while on probation. But Gruber stipulated to probation violations including consuming a controlled substance and fleeing or attempting to elude law enforcement.

Gruber's original probation grant was based on a dispositional departure, and he stipulated to committing a new crime while on probation. Even though Gruber asked for another opportunity on probation, the district court had already given Gruber other chances to show he was making progress and complying with his probation. Therefore, the district court acted within its discretion to revoke his probation and impose his underlying sentence. See K.S.A. 22-3716(c)(7)(B); K.S.A. 22-3716(c)(7)(C).

Affirmed.